IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GULSTON K. KILAULANI,<br><br>            Plaintiff,<br><br>      vs.<br><br>FRANCIS X. SEQUEIRA,<br>ROCHELLE NIETO, RENEE ASHBY,<br>SANFORD ITO, JOHN AND JANE<br>DOES 1-5 ,<br><br>            Defendants.<br>_____ | CIV. NO. 12-00434 LEK/KSC<br><br>ORDER DISMISSING COMPLAINT WITH<br>LEAVE GRANTED TO AMEND |

## **ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND**

Before the court is *pro se* Plaintiff Gulston K. Kilaulani's prisoner civil rights complaint.[1]  Although Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"), he complains of events that occurred while he was housed at the Oahu Community Correctional Center ("OCCC").  Plaintiff names OCCC Warden Francis Sequeira, OCCC disciplinary committee members Rochelle Nieto, Renee Ashby, Sanford Ito, and John and Jane Does 1-5 (collectively, "Defendants"), in their individual and official capacities.  Plaintiff claims that Defendants violated his constitutional rights to due process during disciplinary proceedings at OCCC and his subsequent transfer to HCF.

The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim.

---

[1] Plaintiff is proceeding *in forma pauperis*.  *See* ECF #4.

Plaintiff is granted leave to amend, as discussed and limited below.

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint in full or in part if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. **PLAINTIFF'S CLAIMS**

Plaintiff says that on or about March 24, 2012, he was transferred from community custody status at OCCC to the special

holding administrative segregation unit at HCF.  On or about April 11, 2012, Plaintiff was notified and charged with violations of Department of Public Safety ("DPS") Policies and Procedures ("P&P"): Cor. 13.03 3a.7(9), 3a7(15), 4a.8(10), and 4a.8(25).[2]  The notice stated that a hearing would be held the next day, April 12, 2012.  Plaintiff says that Defendants Nieto, Ito, and Ashby found him not guilty of the listed charges, but found him guilty of Cor. 13.03 3a.7(17), a lesser-included offense of the listed charges.[3]

      Plaintiff filed a grievance on or about May 3, 2012. Defendant Sequeira upheld the committee's finding and denied Plaintiff's the grievance.  Plaintiff says he filed another appeal, presumably taking the grievance to the next step, but has received no response.

      Plaintiff complains that Defendants denied him due process when they (1) failed to give him notice before his

---

[2] *See* http://hawaii.gov/psd/policies-and-procedures. **Section 13.03.3a.7(9)** prohibits possession, introduction, manufacturing or use of any narcotic paraphernalia, drugs, intoxicants or alcoholic beverages not prescribed for the individual by the medical staff, which includes any form of being intoxicated; **Section 13.03.3a.7(15)** prohibits possession, introduction or use of tobacco or tobacco products; **Section 13.03.4a.8(10)** prohibits possession of anything not authorized or issued to the inmate through the institution; **Section 13.03.4a.8(25)** prohibits any other criminal acts that are classified as a class C felony or misdemeanor under Hawaii law.

[3] **Section 13.03.3a.7(17)** prohibits any lesser or reasonably included offense of paragraphs (1) to (15).

transfer to HCF; (2) failed to give him "proper" notice of the disciplinary hearing; and (3) found him guilty of a charge that was not listed on the notice of charges that he received.

Plaintiff seeks compensatory relief and dismissal of the charge against him.

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Eleventh Amendment Immunity**

Plaintiff names all Defendants in their official capacities.  In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. 491 U.S. at 664-66.  Further, the Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53 (1996);

5

*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). State officers acting in their official capacities receive the same immunity as the government agency that employs them. *Hafer v. Melo*, 502 U.S. 21 (1991).

Thus, the Eleventh Amendment bars Plaintiff's damages claims against Defendants named in their official capacities. *See Doe v. Lawrence Livermore Natl. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996); *Pena v. Gardner*, 976 F.2d 469, 472 (1992). Damages claims against Defendants in their official capacities are DISMISSED with prejudice.

**B.   Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. *Wilkinson v. Austin*, 545 U.S. 209 (2005). To state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. *Sandin v. Conner*, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." *Id.* at 483-84. A prisoner has a state-created liberty interest only when the restraint "imposes atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life." *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting *Sandin*, 515 U.S. at 484).

### 1.  *Transfer to HCF*

Plaintiff has no liberty interest in freedom from transfer to HCF or in the change in his custody status.  *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (prisoners have no liberty interest in avoiding being transferred to another prison); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) ("[A] prisoner has no constitutional right to a particular classification status." (internal quotations marks omitted)).

Plaintiff does not allege that his sentence was extended when he was transferred to HCF, or that the conditions of confinement in HCF's administrative segregation imposed atypical or significant hardship in relation to the normal incidents of daily prison life.  Plaintiff provides no facts that support a finding of atypical or significant hardship.  It is unlikely that he can do so, as the Supreme Court specifically held in *Sandin* that HCF's administrative segregation did not impose such hardship. *See Sandin*, 515 U.S. at 472, 484 (holding that 30 days in disciplinary segregation, which mirrored administrative segregation, did not impose atypical or significant hardship); *see e.g., Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002) (four months in segregation is not atypical

and significant); *Griffin v. Vaughn*, 112 F.3d 703, 706-08 (3d Cir. 1997) (fifteen months segregation is not atypical and significant); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (six months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not atypical . . . in relation to the ordinary incidents of prison life."); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (two years in administrative segregation is not atypical and significant); *Jacks v. Crabtree*, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical and significant hardship). This claim is DISMISSED for failure to state a claim.

### 2. *The Disciplinary Hearing*

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* In a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and

the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974)).  Due process does not require that the inmate have access to confidential, irrelevant, or unnecessary information, and confrontation, cross-examination, and counsel are not generally required. *Wolff*, 418 U.S. at 566–70; *Zimmerlee v. Keeney*, 831 F.2d 183, 187 n. 2 (9th Cir. 1987).  This standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ."  *Hill*, 472 U.S. at 455-56 ; *United States v. Segal*, 549 F.2d 1293, 1296–99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum).

      Plaintiff claims that Defendants violated due process by failing to give him "proper" notice of the disciplinary proceedings and by finding him guilty of a lesser-included charge that was not listed in his notice.  Plaintiff admits that he was given advance written notice of the hearing the day before it was held.  *See* Compl., ECF #1 at ¶ 17.  He therefore fails to state a claim that he did not receive "proper" notice of the hearing.

      Moreover, reducing a charge or charges to a lesser-included offense, whether that charge is included on the notice or not, does not by itself violate due process.  Due process simply requires that a finding of guilt is supported by "some

evidence" in the record. *Hill*, 472 U.S. at 455. A finding of guilt cannot be "without support" or "arbitrary," *id.* at 457, and the information that forms the basis for the decision must possess some indicia of reliability to support due process. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). Thus, if there was some evidence in the record to support the lesser-included charge, after the disciplinary committee deemed the evidence on the greater offenses was insufficient, due process is satisfied.

Plaintiff fails to allege sufficient facts for the court to infer that there was *no evidence* to support the lesser-included charge. That is, he does not plead sufficient factual content to nudge his claims from the merely "possible" to plausible, so that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This claim is DISMISSED.

### 3. Grievance Procedures

To the extent that Plaintiff claims that Sequeira denied him due process when he denied and then allegedly failed to respond to his grievances, he fails to state a claim. Sequeira's, or any unnamed Defendants' alleged mishandling of Plaintiff's grievances is an insufficient basis on which to state a due process claim. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal

procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.")

Even if Sequeira or others denied Plaintiff's grievances, rather than failed to timely respond, this does not violate due process. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [underlying] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under § 1983); *Wright v. Shapirshteyn*, No. CV 1-06-0927-MHM, 2009 WL 361951, *3 (E.D. Cal. Feb.12, 2009) (noting that when a defendant's only involvement in the underlying allegations is the denial of the prisoner's grievances, "the failure to intervene on a prisoner's behalf . . . does not amount to active unconstitutional behavior for purposes of § 1983"); *Velasquez v. Barrios*, No. 07cv1130-LAB (CAB), 2008 WL 4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a prisoner's grievances is an insufficient basis for relief through a civil rights action."). Plaintiff's allegations are

insufficient to state a claim against Sequeira or the other unnamed Defendants who participated in his grievance process.

### IV. LEAVE TO AMEND

The Complaint is DISMISSED as discussed above. Plaintiff may file a proposed amended complaint on or before **[September 11, 2012]**. The proposed amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

### V. 28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a

prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### VI.  CONCLUSION

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim, as discussed above.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  Specifically, damages claims against all Defendants in their official capacities are DISMISSED with prejudice.  All other claims and Defendants are DISMISSED without prejudice.

(2)   Plaintiff is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above on or before **[September 11, 2012]**.  Failure to timely amend the Complaint and cure its pleading deficiencies will result in **AUTOMATIC DISMISSAL** of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 13, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Kilaulani v. Sequeira, et al.,* 1:12-00434 LEK/KSC, Order Dismissing Complaint With Leave Granted to Amend; psa/Screening/dmp/2012/Kilaulani 12-434 lek (ftsc due proc)